Filed 7/13/26  P. v. Garcia CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> VICTORIA GARCIA, <br><br> Defendant and Appellant. | D085603 <br><br><br> (Super. Ct. No. FSB22001636) |

APPEAL from an order of the Superior Court of San Bernardino County, Rafael A. Arreola, Judge.*  Affirmed.

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Steve Oetting and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

---

*    Retired Judge of the San Diego Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Victoria Garcia was sentenced to supervised probation for her conviction of one count of assault with a deadly weapon.[2]  After a contested restitution hearing, she was ordered to reimburse State Restitution Fund (the Fund) for the assistance it provided to the victim for his injuries sustained from jumping headfirst out of a second-story window to avoid another confrontation with Garcia a few hours after the assault for which she was convicted (the order).   She claims that the trial court abused its discretion in ordering restitution for this purpose.  (*People v. Giordano* (2007) 42 Cal.4th 644, 663–664 [standard of review].)

Convicted criminals may be required to pay restitution directly to the victim under Penal Code[3] section 1202.4 or to the victim or the Fund as a condition of probation under section 1203.1.  (*People v. Martinez* (2017) 2 Cal.5th 1093, 1100; §§ 1202.4, subd. (a)(1), 1203.1, subd. (b).) Direct restitution, which is usually mandatory, is limited to economic losses incurred "as a result of the crime of which defendant was convicted." (*Martinez*, at p. 1101.)  By contrast, restitution as a condition of probation is discretionary and may include economic losses " 'caused by related conduct *not* resulting in a conviction.' "  (*Ibid.*, italics added.)

---

[1]    This case is appropriate for resolution by memorandum opinion because it raises "no substantial issues of law or fact."  (Cal. Stds. Jud. Admin., § 8.1; see *People v. Garcia* (2002) 97 Cal.App.4th 847.)

[2]    We refer the reader to our opinion affirming the judgment for additional factual background.  (*People v. Garcia* (Mar. 6, 2026, D085446) [nonpub. opn.].)

[3]    Undesignated statutory references are to the Penal Code.

Garcia first asserts that the order was entered under section 1202.4 and must be stricken as an abuse of discretion because it requires her to reimburse the Fund for losses corresponding to acts for which she was not convicted. Were we to conclude that the order was instead imposed as a probation condition under section 1203.1, Garcia contends that the court abused its discretion because it (1) mistakenly thought that restitution was mandatory, (2) imposed restitution that violated *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), and (3) failed to account for the victim's comparative negligence in jumping head-first out of a window rather than exiting the cabin another way.

To start, the record leaves us with no doubt that restitution was imposed as a probation condition because the court's oral pronouncement of sentence and its minute orders summarizing Garcia's sentencing and restitution hearings all refer to restitution exclusively as such. Garcia counters by pointing to the fact that the court invoked section 1202.46 to retain jurisdiction to determine the amount of restitution after sentencing, a procedure she suggests applies only to restitution orders entered under section 1202.1. We disagree. (See, e.g., *People v. Zuniga* (2022) 79 Cal.App.5th 870, 871, 875–876 [discussing § 1202.46 in context of restitution ordered as probation condition].) She also asserts that the court must have entered the order under section 1202.4 because the judge said that "restitution as far as I'm concerned is mandatory." But as we read this statement in context of the proceedings as a whole, the judge was merely signaling his unequivocal intent to modify Garcia's probation terms to require restitution.

Garcia's remaining arguments are forfeited because they were not specifically raised as objections below.  (*People v. Welch* (1993) 5 Cal.4th 228, 237 (*Welch*) [forfeiture of *Lent* objection]; *People v. Partida* (2005) 37 Cal.4th 428, 434 [specific objection required to preserve issue for appeal].)  She attempts to avoid forfeiture by urging us to deem her trial counsel ineffective for failing to make these objections.  But as explained in *Garcia*, we will not assess counsel's effectiveness on a record that is silent as to the reason for the challenged omission.  (*People v. Lopez* (2008) 42 Cal.4th 960, 966; *People v. Mai* (2013) 57 Cal.4th 986, 1009.)  That same rationale applies here.

A court enjoys discretion to order restitution as a probation condition to regulate noncriminal conduct " 'reasonably ... related to the crime of which the defendant was convicted or to future criminality.' " (*Welch*, *supra*, 5 Cal.4th at pp. 233–234.)  Here, the court noted that the victim "jumped out the window ... because he was afraid of the threat from [Garcia] with knives."  Considering that the victim had already been assaulted with a knife and that he believed taking the only other exit from second floor could have provoked another confrontation, the court's order was hardly outside the bounds of reason.[4]  (See *Welch*, at p. 234 ["As with any exercise of discretion, the sentencing court violates this standard when its determination ... ' "exceeds the bounds of reason, all of the circumstances being considered" ' "].)

---

[4]    Nor, for that matter, did it violate *Lent*, which states that a probation condition is invalid only if it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent*, *supra*, 15 Cal.3d at p. 486.)

## DISPOSITION

The order is affirmed.

DATO, Acting P. J.

WE CONCUR:

KELETY, J.

CASTILLO, J.